FILED
2003 MAR -3  PM 4: 33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JIMMY FORD, Father and Next Friend of
the ESTATE OF CARISSA FORD, a
deceased minor child,

    PLAINTIFF,

vs.                                                      CASE NO. CV 03-J-460-J

THE SATURN CORPORATION, and
THE CITY OF JASPER,

    DEFENDANTS.

ENTERED
MAR 3 2003

## MEMORANDUM OPINION

This matter is before the court on the defendant Saturn Corporation's ("Saturn") second notice of removal (doc. 1).

Saturn previously removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a). *See* CV 03-J-130-J, doc. 1 (January 21, 2003). Saturn alleged in the previous removal that the matter in controversy exceeds $75,000.00 and it is between citizens of different states. Notice of Removal, ¶ 1, CV 03-J-130-J. Although the defendant City of Jasper was not diverse from the plaintiff, defendant Saturn alleged that the City of Jasper was fraudulently joined. Notice of Removal, ¶ 11. On February 19, 2003, the plaintiff filed a motion to remand (doc. 6), which this court granted on February 21, 2003, finding diversity jurisdiction was lacking (docs.

5

9 and 10). On February 20, 2003, unbeknownst to the court at the time it entered the Order of Remand, non-diverse defendant City of Jasper filed a motion for summary judgment and a memorandum in support of said motion. Defendant's Notice of Removal at ¶ 6 in CV 03-J-460-J. Also filed were two affidavits.

Defendant Saturn has now removed the case a second time, asserting that the City of Jasper's motion for summary judgment establishes that it was fraudulently joined. Defendant Saturn states the affidavits demonstrate that Jasper did not receive notice of the alleged condition and further that Jasper was not liable for maintaining Highway 69. The court finds that even if it had received the affidavits and motion for summary judgment in question, this case would have still been remanded. In order to consider a motion for summary judgment, this court must have jurisdiction over the party filing said motion.

As the court explained in its memorandum opinion accompanying the Order of Remand in CV 03-J-130-J, "[d]iversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require

'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The propriety of a defendant's removal is determined based on the complaint at the time the petition for removal is filed. *See Avitts v. Amoco Production Co.*, 111 F.3d 30 (5th Cir. 1997). Based on that complaint, the court found there was "a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants," which requires this court to "find that the joinder was proper and remand the case to the state court .... The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

The court finds the affidavits in question go to the merits of the plaintiff's claims against defendant City of Jasper. However, whether or not the plaintiff will prevail on its claims is not the issue before this court in considering whether joinder was fraudulent. As the court previously found, the plaintiff's complaint at the time of removal stated two causes of action against the non-diverse defendant – improper control and maintenance of an intersection (Count III) and combining and concurring negligence and wantonness (Count VII). The court found that the allegations of the complaint stated causes of action against the resident defendant. Thus, the court found

that complete diversity was lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought").

Defendant Saturn now states that the City of Jasper's motion for summary judgment and affidavits in support of said motion establish that the plaintiff cannot prevail on its claim against Jasper. This may be true, but it is outside this court's consideration on whether a claim has been stated. Having found this court lacked jurisdiction (and still does) this court could not consider a motion for summary judgment by the very party which destroys jurisdiction. The court finding this case was properly remanded previously, and that the plaintiff's claims against the non-diverse defendant have not changed, the court again finds that this case has been improvidently removed.

The court again shall remand this case to the Circuit Court of Walker County, Alabama, by separate Order.

**DONE** this the ___3___ day of March, 2003.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE